UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NXP B.V., )
)
           Plaintiff, )   Case No.: 2:13-cv-01883-GMN-NJK
vs. )
)    **ORDER**
BROADCOM CORPORATION, )
)
           Defendant. )
)

Pending before the Court is the Motion for District Judge to Reconsider (ECF No. 46) filed by Plaintiff NXP B.V. ("Plaintiff").

## I.   LEGAL STANDARD

Rule IB 3-1(a) of the Local Rules of Practice of the United States District Court for the District of Nevada provides that "[a] district judge may reconsider any pretrial matter referred to a magistrate judge . . . , where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law." D. Nev. R. IB 3-1(a); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).  Pursuant to Local Rule IB 3-1(b), a "district judge may affirm, reverse, or modify, in whole or in part, the ruling made by the magistrate judge," and "may also remand the same to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).

## II.   DISCUSSION

Magistrate Judge Koppe's order concludes that this action should be transferred to the Northern District of California under the doctrine of forum non conveniens. (ECF No. 44.) Determining whether transfer is appropriate requires consideration of numerous factors. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

    For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with

the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.*

Here, Plaintiff asserts that Magistrate Judge Koppe's Order granting Defendant's Motion to Transfer was clearly erroneous. (Mot. to Reconsider 3:13–14, ECF No. 46.) Specifically, Plaintiff quibbles with Judge Koppe's finding that "Plaintiff has not connected any infringing activity related to the accused NFC functionality with Nevada." (*Id.* 2:3–4 (quoting Order Grant'g Mot. to Transfer, 6:5–6, ECF No. 44).) This statement appears only in the section of Judge Koppe's order in which she discusses the fifth factor: contacts relating to the plaintiff's cause of action in the chosen forum. (*See generally* Order Grant'g Mot. to Transfer, 6:1–17.) Even if the Court agreed that this factor does not weigh as strongly in favor of transfer as stated by Judge Koppe, Plaintiff's motion still fails. The remaining factors are either neutral or favor transfer to the Northern District of California. Accordingly, having reviewed Judge Koppe's Order Granting Defendant's Motion to Transfer (ECF No. 44), the Court does not find that Judge Koppe's ruling was clearly erroneous or contrary to law.

### III.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider (ECF No. 46) is **DENIED.**

**DATED** this 25th day of February, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge